ESPOSITO ET AL. v. UNITED STATES (No. 2400).[1]

1. CONSTRUCTION, PARAGRAPH 1431, TARIFF ACT OF 1922—"GLOVE LEATHER FINISHED, IN THE WHITE OR IN THE CRUST"—LEGISLATIVE NOTICE OF JUDICIAL CONSTRUCTION—ALUM-TANNED LAMBSKINS.

Paragraph 359, tariff act of 1913, taxed "glove leathers." This court, in Keshishian & Co. v. United States (11 Ct. Cust. Appls. 177; T. D. 38961), restricted the meaning of the provision to such leathers as were sufficiently

1 T. D. 40485.

advanced to commit them to the making of gloves, excluding from the paragraph alum-tanned lambskins, shown to be used for making many things, chiefly gloves, but used for making gloves only after considerable further processing. The corresponding paragraph (1431) of the act of 1922 taxes "glove leather finished, in the white or in the crust." It must be presumed that Congress, taking notice of the Keshishian decision amplified the provision so as to make it include all leathers designed to be converted into finished glove leathers and chiefly used for that purpose. Accordingly alum-tanned lambskins are so dutiable; and are not entitled to classification under free list paragraph 1606 as "leather not specially provided for."

2. EVIDENCE, PRESUMPTION FROM COLLECTOR'S CLASSIFICATION.

The classification of merchandise by the collector as glove leather, under paragraph 1431, tariff act of 1922, carries with it a presumption that the merchandise is chiefly used for making gloves or finished glove leathers.

United States Court of Customs Appeals, November 4, 1924

APPEAL from Board of United States General Appraisers, G. A. 8756 (T. D. 40071)

[Affirmed.]

*Allan R. Brown* for appellants.
*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence*, special attorney, of counsel), for the United States.

[Oral argument October 14, 1924, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Alum-tanned lambskins imported at the port of New York and classified by the collector of customs as glove leather, were assessed for duty at 20 per cent ad valorem under the provisions of paragraph 1431 of the tariff act of 1922, which paragraph reads as follows:

PAR. 1431. Chamois skins, pianoforte, pianoforte-action, player-piano-action leather, enameled upholstery leather, bag, strap, case, football, and glove leather finished, in the white or in the crust, and seal, sheep, goat, and calf leather dressed and finished, other than shoe leather, 20 per centum ad valorem.

The importers protested that the merchandise was not glove leather and that it was free of duty under section 201, paragraph 1606, which section and paragraph in so far as pertinent, read as follows:

FREE LIST

SEC. 201. That on and after the day following the passage of this act, except as otherwise specially provided for in this act, the articles mentioned in the following paragraphs, * * * shall be exempt from duty.

PAR. 1606. Leather. All leather not specially provided for.

The merchandise involved in this case differs in no material respect from that considered by this court in the case of Keshishian & Co. *v.* United States (11 Ct. Cust. Appls. 177; T. D. 38961). In that case the Board of General Appraisers held that the condition of the leather as imported was unimportant and that ultimate general

use of the leather determined its classification. As the board made no finding that the leather in its imported condition was fit for the making of gloves, this court had the right to consider the evidence and to say whether the leather was or was not fit for the making of gloves. The evidence was practically uncontradicted that the leather had to be further processed before it could be used for the making of gloves, and this court decided that as imported the importation was not glove leather dutiable under paragraph 359 of the act of 1913, which paragraph reads as follows:

PAR. 359. Chamois skins, 15 per centum ad valorem; pianoforte, pianoforte action, enameled upholstery leather; and glove leathers, 10 per centum ad valorem.

Even if the board had made a finding on the subject that fact did not bar the door on an appellate review of the evidence, inasmuch as this court by the terms of the statute is expressly authorized to review on appeal final decisions of the board as to the law and *the facts* respecting the classification of merchandise. Of course as the board sees and hears the witnesses, this court will not disturb findings of fact made by the board unless such findings are without evidence to support them or are *clearly contrary to the weight of the evidence.*—United States *v.* Riebe (1 Ct. Cust. Appls. 19; T. D. 30776).

Since our decision in the Keshishian case was rendered, paragraph 359, tariff act of 1913, has been materially modified by paragraph 1431 of the tariff act of 1922. Paragraph 1431 provides not only for glove leather finished as did paragraph 359, but for glove leather in the white and glove leather in the crust. In view of that change and of the fact that the evidence in this case discloses without contradiction that skins in the crust and skins in the white can not be used for glove making without further processing, it is evident that paragraph 1431 is more comprehensive than paragraph 359 and includes not only leathers which are ready to be made into gloves, but leathers which must be further advanced before they reach that condition; that is to say, glove leathers in the white and in the crust.

From that it follows that paragraph 1431 includes both finished and unfinished glove leather and that it is not limited to glove leathers which as imported are suitable for conversion into gloves without further processing. To hold otherwise, would strike from the paragraph the words "in the white or in the crust," and that of course can not be done if they are susceptible of an interpretation which would give them effect. We think they are susceptible of such an interpretation and that they were used by Congress to meet the decision of this court in the Keshishian case. We are of the opinion that glove leathers "in the white and in the crust," means all leathers designed to be converted into finished *glove leathers* and chiefly used for that purpose. The presumption of correctness

·attaching to the collector's classification carries with it the presumption that goods of the kind imported are chiefly used for the purpose of making finished glove leathers and from that we must conclude that they are dutiable as assessed under paragraph 1431.

· The judgment of the board is therefore *affirmed*.