UNITED STATES *v.* KAUFMAN & Co. (No. 2790)[1]

1. EVIDENCE CONSTRUED AGAINST PROPONENT—PRESUMPTION FAVORS COLLECTOR.

In the absence of evidence to the contrary, every fact and intendment in support of the collector's decision must be presumed; and the collector's classification of leather as bag leather, under paragraph 1431, Tariff Act of 1922, raises a presumption that it was chiefly used for making bags. A protestant, claiming free entry under paragraph 1606, as leather not specially provided for, does not remove this presumption by testifying that *about* half was used for other purposes, since this is not inconsistent with a chief use as bag leather.

2. CONSTRUCTION, PARAGRAPH 1431, TARIFF ACT OF 1922—ABSURDITY TO BE AVOIDED—"LEATHER, FINISHED, IN THE WHITE OR IN THE CRUST."

Since there is no such thing as finished leather in the crust, the provision of paragraph 1431, Tariff Act of 1922, for certain "leather, finished, in the white

[1] T. D. 41881.

or in the crust," covers, independently, finished leather, and leather in the white or in the crust. "Bag * * * leather * * * in the white or in the crust" means leather which can be converted into finished bag leather and which is chiefly used for making bags.

3. SEAL LEATHER IN THE CRUST.

Seal leather in the crust was classified by the collector as bag leather under paragraph 1431, Tariff Act of 1922. With no showing that its chief use was other than the making of bags, the sustaining of a protest claiming free entry under paragraph 1606 as leather not specially provided for is reversed.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, Abstract 51912

[Reversed.]

*Charles D. Lawrence,* Assistant Attorney General (*Peter A. Abeles,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*Geo. J. Puckhafer* and *Henry J. Rode* of counsel) for appellees.

[Oral argument October 21, 1926, by Mr. Lawrence and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, and HATFIELD, Associate Judges; BLAND, Associate Judge, participating in the decision by agreement of counsel

SMITH, Judge, delivered the opinion of the court:

Seal leather in the crust, imported at the port of New York, was classified by the collector of customs as bag leather and assessed for duty at 20 per centum ad valorem under the provisions of paragraph 1431 of the Tariff Act of 1922, which reads as follows:

1431. Chamois skins, pianoforte, pianoforte-action, playerpiano-action leather, enameled upholstery leather, bag, strap, case, football, and glove leather, finished, in the white or in the crust, and seal, sheep, goat, and calf leather, dressed and finished, other than shoe leather, 20 per centum ad valorem.

The importer protested that the merchandise was not dutiable as bag leather but was free of duty under the provisions of paragraph 1606 of said act, which reads as follows:

1606. Leather: All leather not specially provided for; harness, saddles, and saddlery, in sets or parts, except metal parts, finished or unfinished, and not specially provided for; leather cut into shoe uppers, vamps, soles, or other forms suitable for conversion into manufactured articles; and leather shoe laces, finished or unfinished.

The Board of General Appraisers found that the leather as imported was not commercially fit for any particular use, that the evidence established that there was no such thing as finished leather in the crust, and that the merchandise in its imported condition was entitled to free entry under paragraph 1606. The board, therefore, sustained the protest, and from the board's judgment to that effect the Government appealed.

The evidence in the case establishes without contradiction that the leather imported is seal leather in the crust and that it must be

further processed and treated before it can be manufactured into bags or into any other kind or class of articles. After the leather has been further appropriately processed, it is made into toilet sets, leather sets for bottles, men's dressing cases, roll ups, bags, dress suit cases, belts, and a very large variety of other goods.

Ary Kaufman, a member of the firm of Kaufman & Co., testified on behalf of the importer that the making of smaller articles such as pocketbooks, wallets, belts, cardcases, dressing sets, brush cases, and ladies' hand bags, was the largest and principal use of seal leather, but that the poorer skins not fit for the manufacture of such articles were converted into enameled leather which is used in the manufacture of gloves, boots, shoes, and sporting goods; that the larger skins are used for the manufacture of bags, suit cases and men's and women's bags; that *about* one-half of the seal leather was used for bags and *about* one-half for the smaller articles; that leather made of the skins of bovine animals was principally or chiefly used in the manufacture of case, bag, and strap leather; that the seal leather as imported can not be used for the making of anything, but that by further processing it can be finished into shoe leather, bag, case, or other leather with the exception of strap leather.

The board made no finding as to whether or not the importation was used chiefly for the making of bag leather. The testimony on behalf of the importer was to the effect that *about* one-half of the seal leather was converted into leather for the making of bags and *about* one-half into leather for the making of smaller articles. That testimony must be construed against the importer, and as 51 per centum and 49 per centum would be *about* one-half, and as even a 50 per centum use would not establish that the leather was chiefly used for the manufacture of the smaller articles, we must hold that the presumption of correctness attaching to the collector's decision was not overcome. *United States* v. *Redden,* 13 Ct. Cust. Appls. 224, T. D. 41777. In the absence of evidence to the contrary, every fact and intendment in support of the collector's decision must be presumed and it must, therefore, be adjudged that the leather imported was chiefly used for the manufacture of leather for bags and was consequently bag leather within the legislative intention of paragraph 1431.

From the fact that leather made from the skins of the bovine species is chiefly used for the making of bags, it can not be implied that seal leather is not chiefly used for the same purpose. Bovine leather may be chiefly used for making bags of one quality and seal leather may be chiefly used for the manufacture of bags of a different quality. We are disposed to agree with the board that there is no such thing as finished leather in the crust and if paragraph 1431 provided for finished leather in the crust, it might well be argued

that it provided for something that did not and could not exist. Assuming that leather in the white and in the crust are different names for the same thing, the provision enumerates two kinds of bag leather, finished bag leather and bag leather in the white or in the crust.  If bag leather in the white be a different kind of leather from bag leather in the crust, then paragraph 1431 provides for three kinds of bag leather, that is to say, finished bag leather, bag leather in the white, and bag leather in the crust.

Had paragraph 1431 simply imposed a duty on bag leather, there would be no escaping the reasoning of the board's decision. *Keshishian* v. *United States*, 11 Ct. Cust. Appls. 177, T. D. 38961. Unfortunately, however, for the importer's contention and the board's decision, Congress saw fit to provide not only for leather ready for use in the manufacture of bags but also for bag leather in the white or in the crust.  The phrase, "bag leather * * * in the white or in the crust," is either meaningless or it means leather which can be converted into finished bag leather and which is chiefly used for making bags.  *Esposito* v. *United States*, 12 Ct. Cust. Appls. 334, T. D. 40485.  All of the words of the paragraph must be given effect if they be susceptible of interpretation, and as the phrase is susceptible of no interpretation other than that which we have just given, we must hold that leathers in the crust which are chiefly used for the making of bag leather are subject to the operation of paragraph 1431.  *United States* v. *Redden, supra; United States* v. *Stone*, 13 Ct. Cust. Appls. 233, T. D. 41180.

The judgment of the Board of General Appraisers, now the United States Customs Court, must, therefore, be *reversed*.