UNITED STATES *v.* R. W. GRESHAM, SIDNEY TANNING Co. (No. 3508)[1]

United States Court of Customs and Patent Appeals, May 2, 1932

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellees.

[1] T. D. 45682.

[Oral argument April 11, 1932, by Mr. Folks and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court.

Merchandise, consisting of rough tanned leather, was assessed for duty by the collector at the port of Cleveland, Ohio, as "bag and strap leather" at 20 per centum ad valorem under paragraph 1431 of the Tariff Act of 1922, which reads as follows:

PAR. 1431. Chamois skins, pianoforte, pianoforte-action, playerpiano-action leather, enameled upholstery leather, bag, strap, case, football, and glove leather, finished, in the white or in the crust, and seal, sheep, goat, and calf leather, dressed and finished, other than shoe leather, 20 per centum ad valorem.

The importer claimed, and the court below held, that the imported leather was free of duty as "leather not specially provided for" under paragraph 1606 of that act, which reads—

PAR. 1606. Leather: All leather not specially provided for; harness, saddles, and saddlery, in sets or parts, except metal parts, finished or unfinished, and not specially provided for; leather cut into shoe uppers, vamps, soles, or other forms suitable for conversion into manufactured articles; and leather shoe laces, finished or unfinished.

It appears from the evidence of record that the imported leather is used, after further processing, as bag, strap, case, furniture, automobile, and novelty leather, including pocketbooks, bill folds, etc.; that, in order that it may be used as bag, strap, or case leather, it must be treated with various oils and possibly subjected to other processing; and that it "has been tanned in the rough" and is "known as leather in the crust."

At the time of the oral arguments in this court counsel for the importer stated in open court that there was no evidence of record as to the chief use of either the involved leather or leather of the class to which it belongs at, or immediately prior to, the date of the enactment of the Tariff Act of 1922. An examination of the record shows that that concession was properly made by counsel.

The court below held that the merchandise was leather tanned in the rough, and that before it could be used in the making of shoes, bags, straps, cases, or novelties, it must be dressed and finished, the processes to which it is ultimately subjected varying according to the ultimate use to which the finished leather is to be devoted.

Based upon that finding of fact the court held that, as it was necessary to further process the imported leather, in order to dedicate it to the making of bags or straps, it was unfit in its imported condition for use as material in the manufacture of such articles and was, therefore, not dutiable under paragraph 1431, *supra*, but was free of duty under paragraph 1606.

Paragraph 1431 provides, among other things, for "bag, strap, case, football, and glove leather, finished, in the white or in the crust." The language "in the white or in the crust" contained in the paragraph means leathers—

designed to be converted into finished * * * [bag, strap, case, football, and glove leather] and chiefly used for that purpose.

*Esposito et al.* v. *United States*, 12 Ct. Cust. Appls. 334, T. D. 40485; *United States* v. *Redden*, 13 Ct. Cust. Appls. 224, T. D. 41177; *United States* v. *Stone & Co.*, 13 Ct. Cust. Appls. 233, T. D. 41180.

The imported merchandise is leather in the crust. It was assessed for duty by the collector as "bag and strap leather" under paragraph 1431. Accordingly, it must be presumed that the collector found that the imported leather was designed to be converted into finished bag and strap leathers, and that the class of leather to which it belonged was chiefly used for that purpose at, or immediately prior to, the date of the enactment of the Tariff Act of 1922. *Esposito et al.* v. *United States, supra; Goldsmith's Sons* v. *United States*, 13 Ct. Cust. Appls. 69, T. D. 40932; *United States* v. *Redden, supra; United States* v. *Stone & Co., supra; Wilbur-Ellis Co. et al.* v. *United States*, 18 C. C. P. A. (Customs) 472, T. D. 44762, and cases cited therein.

The importer having failed to introduce any evidence of the chief use of leather of the class to which the involved leather belonged at, or immediately prior to, the date of the enactment of the Tariff Act of 1922, the presumption of correctness attending the collector's classification was not overcome. Accordingly, the court below *erred* in sustaining the protest.

The judgment is *reversed.*

GARRETT, Judge, dissents.