## A. J. Nelbach *v.* United States [1]

## United States Customs Court, Third Division

(Decided July 6, 1938)

*Gordon Samuels* for the plaintiff.

*Joseph R. Jackson,* Assistant Attorney General (*Daniel G. McGrath,* special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges; Evans, J., not participating

Cline, Judge: This is a suit against the United States, arising at the port of Utica, by protest against the collector's assessment of duty on an imported lectern at 50 per centum ad valorem under paragraph 232 (d) of the Tariff Act of 1930 as an article composed in chief value of marble. The plaintiff claims it is entitled to free entry as an original sculpture under paragraph 1807, or that it is dutiable at 20 per centum ad valorem as a work of art "including statuary * * * valued at not less than $2.50" under paragraph 1547 (a) of the Tariff Act of 1930.

At the trial the only witness for the plaintiff was the importer, Mr. Alexis J. Nelbach, who testified that for the last sixteen years he has been in the monument business and that in his opinion the imported lectern is a work of art. He produced a sketch which was marked for identification which he stated had been sent him from Italy by one Armando Battelli, together with certain others from which he had selected this one for the design of a lectern. He stated that he had returned the sketch with his order for the article here involved. As to

1 C. D. 9.

whether this sketch was originally created for this lectern, the record reveals some ambiguity. The testimony on this point is as follows:

Q. Did you have anything to do with the creation of these sketches?—A. No; I have no creative ability.

Q. The particular sketch or design which you finally selected was cut out?—A. Yes.

Q. By you?—A. Yes.

Q. And sent to Italy?—A. Yes.

Q. And the sculptor in Italy prepared that specially for you? Is that correct?—A. That is correct.

Q. It was not some item or design which was in existence and which they had, but was made specially for you? I am speaking of the design which you selected and cut out.—A. It is their own design or creation. I don't know where it was taken from.

Q. That is, the sculptor in Italy prepared this design for you? It is not something held in stock by him?—A. Oh, no.

Q. He made up these designs and sent them to you for your selection, and from the design you selected he made this lectern?—A. That's right.

Counsel then introduced in evidence a photograph which was offered in evidence and it was received as Illustrative Exhibit B over Government objection after the witness had stated:

Judge EVANS. Do you know whether that is a correct representation of the lectern in question?

The WITNESS. Yes, sir.

Photographs are admissible in evidence in works of art cases if the witness has seen the article and can identify the photograph as a true representation thereof. Citing *Baldecchi Bros.* v. *United States*, T. D. 47370.

The merchandise is described on the invoice as "1 Lectern as per your design and size." Counsel for the plaintiff stated that the only question involved is whether the original sketch from which the lectern was produced was created by the sculptor or whether it was designed by the importer and forwarded to the sculptor for production of the article. He argues that, since the original sketch was created and prepared by the sculptor and not by the importer, the testimony proving that fact is sufficient to establish that the imported article is classifiable as a work of art. In that respect he is in error. In order to succeed in a classification case before the court, it is necessary for the plaintiff to prove every fact necessary to show that the collector's decision is wrong and that the merchandise is dutiable under the provision claimed in the protest. The collector's classification is supported by the presumption of correctness and every fact and intendment in support of his decision must be presumed. Citing *United States* v. *Kaufman & Co.*, 14 Ct. Cust. Appls. 264, T. D. 41881.

The importer in this case assumed the burden of proving that the lectern is an original sculpture under paragraph 1807 or a work of art under paragraph 1547. The only testimony on this subject is the

statement of the witness that in his opinion the article is a work of art. The record is silent as to any special education, training, or experience of the witness which would enable him to testify as an expert on works of art. Therefore the record contains no competent evidence to sustain the plaintiff's claim. In the case of *Marshall Field & Co.* v. *United States*, 5 Ct. Cust. Appls. 191, T. D. 34324, the issue was similar to that in the instant case. The court said:

> To be entitled to the benefit of its provisions the importer must establish that these articles are sculptures; that they are cut, carved, or otherwise wrought by hand from a solid block or mass of marble or stone; and that they are the professional production of a sculptor only.

The photograph of the lectern, Illustrative Exhibit B, is not competent evidence to prove that the article is a work of art. Citing *United States* v. *Ehrich*, 22 C. C. P. A. 1, T. D. 47019, *Inglewood Park Monumental Works* v. *United States*, T. D. 47436.

We are of opinion that the plaintiff in this case failed to prove by competent testimony that the imported lectern is an original sculpture or a work of the free fine arts. The protest is accordingly overruled. Judgment will be entered in favor of the defendant.